UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MATHEW W. BARNETT, | ) |
|     Plaintiff, | ) |
| VS. | ) Civil Action No.  5:13-CV-00543-XR |
| AMERICOM BANK  and DIRECT EXPRESS PAYMENT PROCESSING SERVICES, | ) |
|     Defendants. | ) |

**ORDER**

On June 10, 2013, Plaintiff Matthew W. Barnett filed a civil complaint *pro se* against Defendants Americom Bank and Direct Express Payment Processing Services in the U.S. District Court for the Eastern District of Arkansas. Mr. Barnett asserts causes of action for breach of fiduciary duty, breach of contract, negligence, and tort of outrage. Mr. Barnett alleges that he established an account with Americom Bank into which his social security disability income benefits could be directly deposited and that he subsequently grew suspicious that someone was making unauthorized withdrawals from his account. Mr. Barnett alleges that he contacted Defendants to request statements showing his account activity but that Defendants did not provide the requested financial records. Mr. Barnett asserts that he is a citizen of Arkansas and that Defendants are corporations with their principal places of business in San Antonio, Texas. Mr. Barnett seeks money lost from unauthorized withdrawals, $75,000 in punitive damages, $75,000 in exemplary damages, and $75,000 for loss of enjoyment of life.

The U.S. District Court for the Eastern District of Arkansas classified this case as a 42 U.S.C. § 1983 case[1] and transferred it to this Court pursuant to 28 U.S.C. § 1406(a). In the transfer order, the Arkansas court reasoned that "from the facts alleged and the Defendants named, it appears that venue properly lies in the Western District of Texas." (Doc No. 3.) Accordingly, the Arkansas court found that "the interests of justice would be best served by transferring the case to the United States District Court for the Western District of Texas" pursuant to section 1406(a). (*Id.*)

A case should not be transferred pursuant to section 28 U.S.C. § 1406(a) unless the case has been filed in the wrong district or division. *See* 28 U.S.C. § 1406(a) (authorizing transfer of a case that is filed "in the wrong division or district"). Section 28 U.S.C. § 1391(b) provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

Upon this Court's review of the record, it is not clear that venue was improper in the Eastern District of Arkansas because it appears that a substantial part of the alleged events giving rise to Mr. Barnett's claims occurred in the Eastern District of Arkansas. For example, Mr. Barnett alleges that he was introduced to Americom Bank's services while in Little Rock, Arkansas and that Defendants mailed him a debit card shortly thereafter.[2] The record also indicates that Mr. Barnett is currently incarcerated in Dermott, Arkansas and that he has sent letters to Defendants from Dermott inquiring about unauthorized withdrawals and requesting

---

[1] It appears that classification of this case as a § 1983 case may have been erroneous. Plaintiff makes no reference to section 1983 in his Complaint. He subsequently filed objections to the transfer asserting that he is not alleging any section 1983 claim.

[2] Mr. Barnett does not allege that any events occurred outside of Arkansas.

financial records. Accordingly, the Court cannot find that this case was properly transferred outside of the Eastern District of Arkansas under 28 U.S.C. § 1406.

The Court therefore ORDERS that this case be transferred back to the U.S. District Court for the Eastern District of Arkansas.

SIGNED this 15th day of July, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE